IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHUAIB A. HAJI MOHAMED, | ) | CASE NO. 1:19-CV-00709-JGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES G. CARR |
| vs. | ) | UNITED STATES DISTRICT JUDGE |
| | ) | |
| WARDEN TIM BUCHANAN, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Defendant. | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| | ) | |

This matter is before the magistrate judge on referral for a Report and Recommendation on petitioner Shuaib Haji Mohamed's motion to alter or amend the Court's order adopting the undersigned's Report and Recommendation regarding Haji Mohamed's habeas petition (Doc. No. 22). (Doc. No. 23.) For the following reasons, the undersigned recommends that the motion for reconsideration be DENIED.

## I.     Summary of Facts

In this habeas action, brought pursuant to 28 U.S.C. § 2254, Haji Mohamed challenged his convictions for attempted gross sexual imposition, kidnapping, and attempted rape. On September 1, 2021, the undersigned issued a Report and Recommendation that Haji Mohamed's habeas corpus petition be denied. (Doc. No. 13.) Haji Mohamed filed objections to the Report and Recommendation (Doc. No. 16), Respondent filed a response (Doc. No. 18), and Haji Mohamed filed a reply (Doc. No. 19). Haji Mohamed also filed a motion for default judgment, which the Court overruled as not well taken. (Doc. No. 20; Non-document Order dated January 21, 2022.) On February 1, 2022, the Court overruled Haji Mohamed's objections and adopted the Report and Recommendation. (Doc. No. 21.)

1

On February 18, 2022, Haji Mohamed filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). (Doc. No. 22.) On April 6, 2022, Respondent filed an opposition to Haji Mohamed's motion to alter or amend judgment. (Doc. No. 25.) On April 18, 2022, Haji Mohamed filed a reply. (Doc. No. 26.)

## II.    Analysis

A Rule 59(e) motion is designed only to "correct manifest errors of law or fact or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). It is not a vehicle to reargue the case, or present arguments that could have and should have been raised in connection with an earlier motion. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). That is, Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided. *See Dana Corp. v. United States*, 746 F. Supp. 482, 488–89 (N.D. Ohio 1991).

Rule 59(e) motions are "extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007)). Accordingly, a Rule 59(e) motion to alter or amend may only be made for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. *See Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015); *see, e.g., Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The proponent of the Rule 59(e) motion bears the burden of proof, and the decision to grant relief under the rule is within the sound discretion of the court. *See Engler*, 146 F.3d at 374 (citing *Keweenaw Bay Indian Community v. United States*, 136 F.3d 469, 474 (6th Cir. 1998)).

Haji Mohamed argues there has been "an interim change in decisional law" that entitles him to an altered or amended judgment under 59(e). (Doc. No. 22 at 1.) Haji Mohamed asserts that while the Report and Recommendation was pending, the Sixth Circuit "announced a 'new', alternative standard of

2

review for determining the adequacy of a state procedural default" which "created an exception to the **Maupin** test, and attacks the procedural ground itself."  (*Id.* at 2) (emphasis in original).  Haji Mohamed relies on *Gibbs v. Huss*, 12 F.4th 544 (6th Cir. 2021) in support.  (*Id.*)  Haji Mohamed argues:

> What made Petitioner's failure to file a cross-appeal and lack of success on a delayed appeal an exorbitant application of a well-settled state procedural defaults was, [sic] the fact, [sic] that neither the state, in any type of opposition to leave, not [sic] the Ohio Supreme Court, [sic] itself, in entry denying leave, mentioned the failure to cross-appeal as grounds.  Since nothing can be presumed from a silent record, **Carnley v. Cochran**, 369 U.S. 506, 516 (1962), thee [sic] Magistrate's illustration lacks factual support.

(*Id.*)

Respondent maintains there has been no change of controlling law.  (Doc. No. 25 at 2.)  However, even if there were, it would have to be a change in United States Supreme Court precedent, as "a mere change in state law would be noncognizable."  (*Id.*)

In his reply, Haji Mohamed asserts, "The controlling law used to be **Maupin**, now it is **Gibbs**.  I satisfied **Gibbs**, [sic] and should be allowed to traverse for a supplemental report & recommendation."  (Doc. No. 26 at 1) (emphasis in original).

In *Gibbs*, the Sixth Circuit addressed the use of the contemporaneous-objection bar as grounds for procedural default in a case where the petitioner alleged "that he and his attorney were completely ignorant of the trial court's closure" of the courtroom during *voir dire*, and therefore "had no reason to know that they should have objected to a closure."  12 F.4th at 546.  The petitioner further alleged he did not learn his family members had been excluded from *voir dire* until after trial.  *Id.* at 547.  The Sixth Circuit began its analysis in *Gibbs* as follows:

> A procedural default is a "critical failure to comply with state procedural law." *Trest v. Cain*, 522 U.S. 87, 89, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997). A default generally bars federal review of the merits of a claim—even a constitutional claim—"that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 566 U.S. 1, 9, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). A habeas claim is procedurally defaulted if and only if "(1) the petitioner failed to comply with a state rule;

3

(2) the state enforced the rule against the petitioner; and (3) the rule is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Bickham*, 888 F.3d at 251 (quoting *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003)).

A common example of a procedural default is a failure to raise a claim in state court in a timely manner. That is what happened in *Bickham*—the defendant failed to object contemporaneously with the closure of the courtroom during voir dire. *Id.* at 251–52. As a result, he forfeited full review of his public-trial claim in the state court. Although the state court applied plain-error review, we still consider such an impediment to merits review to be enforcement of a procedural rule. *Williams v. Burt*, 949 F.3d 966, 973 (6th Cir.), *cert. denied*, –— U.S. ——, 141 S. Ct. 276, 208 L.Ed.2d 38 (2020).

Federal courts usually decline to meddle with state criminal judgments under these circumstances "[o]ut of respect for finality, comity, and the orderly administration of justice." *Dretke v. Haley*, 541 U.S. 386, 388, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004). But there are exceptions, one of which is encapsulated in the third element of our definition of procedural default. If a state procedural ground is not "adequate," it does not foreclose federal review. *Bickham*, 888 F.3d at 251.

*Id.* at 550.  The Sixth Circuit then went on to identify several instances where a procedural rule may be inadequate: (1) the rule violates the United States Constitution; (2) the rule is novel or inconsistently applied by the state courts; and (3) where in "exceptional cases," "exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question."  *Id.* at 550-51 (citations omitted).

In Gibbs' case, the "obstruction to showing inadequacy, as the district court pointed out," was the Sixth Circuit's prior decision in *Bickham*.  *Id.* at 552.  After distinguishing Gibbs' case from *Bickham*, the Sixth Circuit explained:

If it be true that Mr. Gibbs neither was aware nor reasonably should have been aware of the courtroom's closure during voir dire, then Michigan's contemporaneous-objection rule would be inadequate to support a default of his public-trial claim in his unique circumstances. This is true for several reasons. First, no perceivable state interest is served by requiring a defendant to object to a constitutional violation he did not know and should not reasonably have known of. *Cf. Osborne*, 495 U.S. at 124, 110 S.Ct. 1691; *Lee*, 534 U.S. at 378, 122 S.Ct. 877. And the federal interest in providing a forum

4

to vindicate federal rights necessarily outweighs a complete lack of state interest in enforcing a procedural rule. *See Clifton*, 775 F.3d at 764.

Second, requiring a contemporaneous objection to a violation of which a defendant is neither aware nor reasonably should be aware is neither "firmly established" nor "consistently followed" by the Michigan courts. Just as Missouri failed to do in *Lee*, the warden here cites no Michigan case law for the proposition that Michigan requires a contemporaneous objection in the "unique circumstances this case presents," *Lee*, 534 U.S. at 382, 122 S.Ct. 877, instead resting on the general adequacy of the contemporaneous-objection rule. Indeed, it appears that such an application of the contemporaneous-objection rule would be a novel one, and novelty of a procedural rule is a reason to find it inadequate to foreclose federal review. *Cf. Ford*, 498 U.S. 411, 111 S.Ct. 850.

Third, there is no evidence that the trial court would have allowed his family to spectate during voir dire even had Mr. Gibbs raised a contemporaneous objection to the courtroom *closure*. *See Lee*, 534 U.S. at 387, 122 S.Ct. 877 ("Nor is there any indication that formally perfect compliance with the Rules would have changed the trial court's decision."). Indeed, there is affirmative evidence to the contrary. The trial judge herself stated on the record:

> I'm telling you, after we start, when the panel is in the room, you're absolutely right no one would be coming or going. I agree with that. *If that's a violation, then I violated.*

(emphasis added). The trial court was firm on enforcing its closure rule. The state's ostensible purpose for its contemporaneous-objection rule—to promote judicial economy by allowing the trial court to rectify errors immediately— would not be advanced by its enforcement here. *See Osborne*, 495 U.S. at 124, 110 S.Ct. 1691 (holding that, "under the circumstances, nothing would be gained" by requiring adherence to a procedural rule for preserving an argument after the trial court "in no uncertain terms" had already rejected the argument once before).

Last, if Mr. Gibbs really did not know and should not reasonably have known that his public-trial right was being violated, then requiring him to object to preserve that right would be an "exorbitant" and "egregious" application of Michigan's contemporaneous-objection rule. *See Lee*, 534 U.S. at 376, 387, 122 S.Ct. 877 (holding that state procedural rules were inadequate to support a default in a challenge to a violation of a federal right that the state affirmatively caused and that required quick action to correct). Indeed, such a rule would deny due process. *See Gupta*, 699 F.3d at 690 ("[W]e are loath to impute to a defendant—at least in the circumstances here—an obligation to raise a legal objection as to which his own defense counsel is ignorant during the throes of trial."); *United States v. Tramunti*, 500 F.2d 1334, 1341 n.3 (2d Cir. 1974) ("Defense counsel cannot fairly be penalized for failure to raise at

5

trial an issue of which he was, without his own fault, ignorant."); *United States v. Douglas*, 155 F.2d 894, 896 (7th Cir. 1946) ("Counsel for the government was the moving factor in the [submission to the jury of hearsay affidavits of which the defendant was not made aware] and must be held responsible for a procedure which ... was unfair, prejudicial and attended with dangerous consequences."); *see also Davis v. Wechsler*, 263 U.S. 22, 24, 44 S.Ct. 13, 68 L.Ed. 143 (1923) ("Whatever springes the State may set for those who are endeavoring to assert rights that the State confers, the assertion of Federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice.").

Thus, under the assumption that Mr. Gibbs neither knew of nor reasonably should have known of the courtroom closure, his failure to contemporaneously object would be an inadequate state procedural ground for a default.

The district court shall determine in the first instance whether Mr. Gibbs was aware of the courtroom closure or whether there were other circumstances that should have reasonably put him on notice of the closure. If he was not—and could not reasonably have been—aware of the closure, then *Bickham* does not control his case. Rather, the contemporaneous-objection rule would not have been an adequate state procedural ground to default Mr. Gibbs's claim, and there would be no procedural default.

*Id.* at 553-54.

The undersigned disagrees that *Gibbs* changed the law and replaced the *Maupin* test. Rather, in *Gibbs*, the Sixth Circuit explained what constituted an inadequate bar under *Maupin* in a unique set of circumstances in the context of the contemporaneous objection rule. As the Southern District explained: "Judge Boggs did not suggest the Sixth Circuit was adopting a new exception to the adequacy requirement for state procedural rules. Instead, he relied in part on *Osborne v. Ohio*, 495 U.S. 103 (1990), precedent over thirty years old at the time *Gibbs* was decided, upholding Ohio's contemporaneous objection rule." *Brandon v. Buchanan*, Case No. 2:19-cv-2487, 2022 WL 203507, at *2 (S.D. Ohio Jan. 24, 2022). Other courts have continued to apply *Maupin* in the wake of *Gibbs*. *See, e.g., Saxton v. Warden*, Case No. 2:21-cv-4019, 2022 WL 1173891, at *5 (S.D. Ohio Apr. 20, 2022). Haji Mohamed's procedural defaults did not concern application of the contemporaneous objection rule, and therefore the *Gibbs* decision is of no affect on his case. Nor does he assert circumstances that would constitute "exorbitant" and "egregious"

6

application of the procedural default rules applicable to his case.  *Maupin* remains the test for procedural default, and therefore there was no change in the law requiring the Court alter or amend its judgment.

Haji Mohamed argues his failure to file a cross-appeal to the Ohio Supreme Court cannot be held against him as grounds for procedural default as "the state never serviced pleadings upon Petitioner to trigger such a duty."  (Doc. No. 22 at 3.)  However, "[m]otions for reconsideration are not substitutes for appeal *nor are they vehicles whereby a party may present arguments inexplicably omitted in prior proceedings*."  *Dantz v. Apple Am. Grp., LLC*, No. 5:04CV0060, 2006 WL 2850459, at *1 (N.D. Ohio Sept. 29, 2006) (quoting *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).  This argument could have and should have been raised in his objections to the undersigned's September 1, 2021 Report and Recommendation.  Haji Mohamed may not use this motion to alter or amend the judgment to correct his failure to include that argument in his objections.

Haji Mohamed also appears to argue he meets the third reason for granting a motion under 59(e): it is necessary to correct a clear error of law or prevent a manifest injustice.  (*See* Doc. No. 22 at 3-4.)  Haji Mohamed asserts:

> This Court further erred in placing a "hybrid representation" bar on Petitioner's pro se attempt to exhaust his federal claims.  The Ohio Supreme Court appointed representation **for the state's appeal**, not discretionary review sought by Petitioner.  This Court is allowing the state to "have its cake and eat it too".  If thee [sic] Petitioner wasn't entitled to counsel on discretionary review, **State v. Buell**, 70 OS3d 1211, 1212, 1994-Ohio-475, and none appeared to protect his interest in claims raised before the appellate court, then the attempt at a delayed appeal could not be concluded as a procedural default but must be considered exhaustion in this unique set of circumstances.  Petitioner was under the impression he was waiting for the remand ordered by the appellate court, and nobody informed him, in a timely manner, otherwise.  The state cannot benefit on its failure to service, to the prejudice of Petitioner, as such would allow it to prevail on its own wrongdoing by foreclosing meaningful federal review.

(*Id.*) (emphasis in original).

Respondent did not directly address this argument in his opposition to Haji Mohamed's motion to alter or amend judgment.  (*See* Doc. No. 25.)

Haji Mohamed's arguments fail to establish a clear error of law in the Court's finding of procedural default, in part, based on the bar against hybrid representation.  (Doc. No. 21 at 4-5.) Furthermore, even assuming *arguendo* the Court had erred in so finding, Haji Mohamed overlooks a second procedural default in the Ohio Supreme Court's denial of his motion for delayed appeal, which is a procedural ruling.  *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (emphasis added); *accord Baker v. Bradshaw*, 495 F. App'x 560, 565 (6th Cir. 2012) ("The timeliness requirements for an appeal to the Ohio Supreme Court ... constitute adequate and independent state grounds to preclude hearing an untimely claim on the merits."); *Carman v. Ohio*, No. 1:14 CV 2060, 2015 WL 1189084 (N.D. Ohio Mar. 16, 2015); *Crutchfield v. Warden*, No. 1:13-cv-438, 2014 WL 3899287 (S.D. Ohio Aug. 11, 2014) (finding that where the petitioner's motion for delayed appeal before the Ohio Supreme Court was denied, the petitioner must demonstrate cause for his default and actual prejudice to avoid dismissal).  While Haji Mohamed's arguments concerning his motion for delayed appeal continue to evolve,[1] the fact remains he fails to show a clear error of law in the Court's decision.   "A party seeking reconsideration must show more than disagreement with the Court's decision . . . ."  *Database Am. v. Bellsouth Advertising & Publishing*, 825 F. Supp. 1216, 1219–20 (D.N.J. 1993).

Haji Mohamed has failed to provide any basis for the Court to alter or amend its February 1, 2022 judgment.

---

[1] In his objection to the undersigned's September 1, 2021 Report and Recommendation, Haji Mohamed claimed for the first time that he had mailed a timely notice of appeal to the Ohio Supreme Court, but the Ohio Supreme Court failed to receive it.  (Doc. No. 16.)  In the present motion, Haji Mohamed appears to claim that he could not timely appeal to the Ohio Supreme Court because he "was under the impression he was waiting for the remand ordered by the appellate court, and nobody informed him, in a timely manner, otherwise."  (Doc. No. 22 at 3.)

## III. Conclusion

For all the reasons set forth above, it is recommended that the motion to alter or amend judgment (Doc. No. 22) be DENIED.

Date: May 9, 2022

    *s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).**

9